NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| THOMAS D'ANGELO, | |
| Plaintiff, | **Civil Action No. 14-5693 (SRC)** |
| v. | **OPINION** |
| NEW JERSEY DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

**CHESLER**, District Judge

This matter was initiated by Order To Show Cause, issued by Magistrate Judge Waldor on July 24, 2017, directing pro se Plaintiff Thomas D'Angelo to show cause why the above-captioned lawsuit should not be dismissed for failure by Plaintiff to prosecute his action pursuant to Federal Rule of Civil Procedure 41(b) [docket entry 54]. Judge Waldor's Order To Show Cause set a date, time and location for the show cause hearing and expressly warned that should Plaintiff fail to appear at the hearing, as ordered, the Court would dismiss the case with prejudice. Plaintiff failed to appear at the show cause hearing, failed to file any written submission indicating why the action should not be dismissed or otherwise respond to the July 24, 2017 Order To Show Cause. Accordingly, the magistrate judge issued a Report and Recommendation ("R&R") on August 31, 2017 pursuant to Fed. R. Civ. P. 72(b), L. Civ. R. 72.1(a)(2), and 28 U.S.C. § 636(b)(1)(C) [docket entry 55]. In the R&R, Judge Waldor indicates that, in addition to his failure to appear at the show cause hearing, Plaintiff has repeatedly failed

1

to appear for court conferences and has flagrantly ignored court orders. The magistrate judge recommends that this Court dismiss Plaintiff's Complaint with prejudice.

The time for filing objections to the R&R has expired. 28 U.S.C. § 636(b)(1)(C) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."). No objections have been filed. This Court has reviewed Judge Waldor's R&R. It accepts and agrees with Judge Waldor's findings and recommendation in whole.

Federal Rule of Civil Procedure 37 permits the Court to "dismiss the action . . . or render a judgment by default against the disobedient party." Roadway Express v. Piper, 447 U.S. 752, 763 (1980) (citations omitted). When dismissing an action as a sanction, a court should weigh the following factors:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984). While the magistrate judge did not explicitly weigh these Poulis factors, the considerations they embody are clearly incorporated into her analysis. As the R&R indicated, Plaintiff has repeatedly flouted the court's orders. This behavior demonstrates deliberate and personal responsibility by Plaintiff for his misconduct as well as a history of non-compliance. His failure to obey the Court's orders causes prejudice to Defendants, who are impeded in their efforts to develop their defenses and attempt to resolve this matter. Moreover, Plaintiff has disregarded the magistrate judge's Order To Show Cause, giving the Court no reason as to why his action should not be dismissed, further

indicating that his conduct in disobeying the Court's orders has been willful. Sanctions short of dismissal will not be effective, as Plaintiff has demonstrated disregard for the Court's authority and no interest in pursuing his legal action. Without Plaintiff's active participation in prosecuting his claims and developing the case through discovery and motion practice, no meaningful evaluation of the merits of his claims can be conducted. For these reasons and the reasons set forth in Judge Waldor's R&R, Plaintiff's behavior warrants imposing the sanction of dismissal pursuant to Rule 37.

Accordingly, this Court will adopt the R&R issued on August 31, 2017 [docket entry 55] as the opinion of the Court and will dismiss Plaintiff's Complaint with prejudice pursuant to Federal Rule of Civil Procedure 37. An appropriate form of Order will be filed.

    s/Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

DATED: September 28, 2017